IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| RANDY RHYNE, | ) | C/A No. 4:07-3147-HMH-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| WARDEN OF TYGER | ) | |
| RIVER CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, Randy Rhyne ("petitioner/Rhyne"), a pro se prisoner, seeks habeas relief

pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the petitioner's motions to stay

(document # 19) and to compel (document # 28) and the respondent's motion for summary judgment

(document #35. )[1]

The petitioner filed this petition for a writ of habeas corpus on September 13, 2007.[2]   On

February 29, 2008, the respondent filed a motion for summary judgment, along with supporting

memorandum and exhibits.  The undersigned issued an order filed March 3, 2008, pursuant to

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising petitioner of the motion for summary

judgment procedure and the possible consequences if he failed to respond adequately.  On April 2,

2008, the petitioner filed a response to respondent's motion for summary judgment.

---

[1]This habeas corpus case was automatically referred to the undersigned United States Magistrate
Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC.
Because this is a dispositive motion, this report and recommendation is entered for review by the
District Court Judge.

[2]This is the date the petitioner states under oath that he placed the petition in the mail.  (Pet. 15.)
See  Houston v. Lack, 487 U.S. 266 (1988)(holding prisoner's pleading is considered filed when
filed with prison authorities for forwarding to the district court).

# I. FACTS/PROCEDURAL HISTORY

The petitioner is currently incarcerated at the Tyger River Correctional Institution of the South Carolina Department of Corrections ("SCDC"). In March 2003, the petitioner was indicted for armed robbery and attempted armed robbery. (App. 114-115; 119-120.) Attorney Wade Weatherford represented the petitioner on the charges. On September 22, 2004, the petitioner pleaded guilty before the honorable J. Mark Hayes, II. (App. 3; 8.) Judge Hayes sentenced the petitioner, pursuant to the terms of the negotiation, to twelve years imprisonment on each charge, concurrent. (App. 12). The petitioner did not file a direct appeal.

On June 13, 2005, the petitioner filed an application for post-conviction relief ("PCR"), raising the following claims, quoted verbatim:

(a) Denial of preliminary hearing pursuant to Rule 2, S.C.R.Crim.P.;

(b) Ineffective Assistance of Counsel;

( c) Indictments were after 90-day guideline of Rule 11, S.C.R.Crim.P.;

(d) Disposition of charges was after the 180-day guideline of order of South Carolina Supreme Court, March, 1999.

(App. 18.) Attorney David C. Alford represented the petitioner in the action. On January 10, 2006, an evidentiary hearing was held before the Honorable J. Derham Cole. (App. 34.) The hearing was continued when an issue arose concerning whether the petitioner would represent himself. (App. 38-40). The evidentiary hearing was subsequently convened again on May 24, 2006, before the Honorable Roger L. Couch and Alford continued to represent the petitioner. (App. 42.) On August 16, 2006, the PCR judge denied the petitioner relief. (App. 106-113.) The petitioner appealed.

Assistant Appellate Defender Robert Pachek represented the petitioner on appeal. On February 8, 2007, he filed a <u>Johnson</u> petition for a writ of certiorari in the Supreme Court of South Carolina raising the following issue: "Whether petitioner knowingly and intelligently waived his right to a direct appeal of his guilty plea?" (<u>Johnson</u> Pet. 2.)  The petitioner submitted a pro se response. On March 27, 2007, the State moved to strike those documents included in the response that were not before the lower court and were not a part of the record.  On May 3, 2007, the Supreme Court of South Carolina denied the petition, and denied the motion to strike as moot.  The state court issued its remittitur on May 21, 2007.

## II. PETITIONER'S GROUND FOR HABEAS RELIEF

In his habeas petition, the petitioner raises the following grounds for relief, quoted verbatim:

**Ground One**: I was Denied a Preliminary hearing - I requested on - was denied to Be Present at all hearings -
**Supporting Facts:** I requested a preliminary hearing in proper timely manner - I requested to be present at all proceedings - to face my accusers - placed in a line up - etc. all evidence Be Placed forward, the 911 call - the contradicting statements of codefendants, etc. I was threatened with mandatory life if I did not Plea Guilty - I did not waiver my Rights -

**Ground Two:** Indictments are frivolous - after the 90 day Guidline - No Signatures of Jury for - Person - etc.
**Supporting Facts:** The indictmets I'm told, one has to be brought on indictments - in 90 days - tried in like 180 days - I stayed in the Co. Jail almost 22 months - they would, Attorneys. Prosecutors - would conspire Keep Bouncing me Back and forth to the State hospital - I would not Plea Guilty - I wanted to be Present - Then they threatened me with life -

**Ground Three**: Prosecutors withholding evidence - The 911 emergency call - Indictments frivolous.
**Supporting Facts:** The 911 Call Describes the Two People doing the Robberies as one was White, one was Black - I submitted the intire Record told every thing - They conspired and Just simply wanted a conviction - I tried to no Avail - Indictments After 90 day Guidline -

3

> **Ground Four:** I was denied to face my Accusers and to Be present at all proceedings
> - A Real Attorney -
> **Supporting Facts:** I requested to be placed in a line up - face my accussers, etc. to
> Be present at all proceedings - They kept putting me in the State Hospital in
> Columbia - I was Being Represented - Two Attorneys, Two Different Times from the
> same offices - Both Attorneys and part Time Judges - A Conflict -

(Habeas Pet. 6-11.)

### III.  SUMMARY JUDGMENT

As stated above, on February 29, 2008, the respondent filed a return and memorandum of law in support of their motion for summary judgment and petitioner filed a response in opposition on April 2, 2008.

The federal court is charged with liberally construing the complaints filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).  The court's function, however, is not to decide issues of fact, but to decide whether there is an issue of fact to be tried.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim,  Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists.  If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c).

The movant has the burden of proving that a judgment on the pleadings is appropriate.  Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial."  The opposing party may not rest on the mere assertions contained in the pleadings.  Fed. R. Civ. P. 56(e);  Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial.  See Fed. R. Civ. P. 56(c).  Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact."  In Celotex, the Court held the defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the petitioner had failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof.  Celotex, 477 U.S. at 322-323.

## IV. STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," a petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal

5

law, " '[a] federal habeas court may grant the writ if the state court identifies the correct governing principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (*quoting* Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." *Id.*  "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

## V. DISCUSSION AS TO PROCEDURAL BAR

### A. Procedural Bar

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254 , which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B) (I) there is either an absence of available State corrective process; or

(ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (S.C. 1976). The second avenue of relief is by filing an application for PCR. S.C. Code Ann. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. Code Ann. § 17-27-90. Strict time deadlines govern direct appeal and the filing

7

of a PCR in the South Carolina Courts.  A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983).

### 2. Procedural bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986).  Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

8

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote . . . not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case. Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice).  In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997)(*citing* Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996).

### 4. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478 (1986). A petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. *Id.* at 478.

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray v. Carrier, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

In Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), the Court of Appeals stated that once a claim is determined to be procedurally barred, the court should not consider the issue on its merits. The Court noted that it is always tempting to discuss the merits as an alternative reason for a conclusion, but that once a court finds an issue to be procedurally barred, all discussion which follows is only dicta. *See* Karsten v. Kaiser Foundation Health Plan, 36 F.3d 8, 11 (4th Cir. 1993). Therefore, once a court has determined that a claim is procedurally barred, it should not stray into other considerations.

## VI.  STATUTE OF LIMITATIONS

The respondent asserts that the petitioner's federal habeas petition should be dismissed because it was not timely filed under the one-year statute of limitations created by the AEDPA.  The undersigned disagrees.

The AEDPA became effective on April 24, 1996. The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions.[3]  Subsection (d) of the statute now reads:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[3]Prior to this amendment there was no statute of limitations. Habeas Rule 9(a) allowed dismissal only where the state could show it had been prejudiced by a delay in filing.  Duarte v.Hershberger, 947 F.Supp. 146, 148 n. 2 (D.N.J. 1996).

> (2) The time during which a "properly filed" application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (Emphasis added).

As noted above, the undersigned is using September 13, 2007, as the filing date of this habeas petition because this is the date which the petitioner verified as the date he mailed his petition. *See* n. 2 supra..  The petitioner pled guilty on September 22, 2004, and because he did not appeal, his conviction became final on  October 4, 2004, at the end the ten day time period in which he had to file a notice of appeal.  Crawley v. Catoe, 257 F.3d 395 (4th Cir. 2001)(if a defendant does not file a direct appeal, his conviction becomes final ten days after the adjudication of guilt.) *See also* Rule 203 (b)(2), (South Carolina Appellate Court Rules ten day limit in which to appeal after a conviction in general sessions).

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the day of the act, event, or default after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or a State or Federal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor such holiday. When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays and holidays shall be excluded in the computation. A half holiday shall be considered as other days and not as a holiday.

S.C. R.Civ.P. 6; *See also* Rule 234 (a) SCACR (if the last day of the allowable time period falls on Saturday, Sunday or legal holiday, the time runs until the next day which is not one of those days or a legal holiday).

The petitioner then filed an application for PCR on June 13, 2005. At that time, a total of only 252 days of time had lapsed.[4]  The petitioner's PCR action concluded with the South Carolina

---

[4]    The respondent contends 251 days had passed at that point.

Supreme Court's issuance of the remittitur on May 21, 2007.  The petitioner then had 113 days left in which to timely file a habeas action. *See* Harris v.Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000)("the AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one-year period within which to file a federal habeas petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court").  The petitioner filed this habeas petition on September 13, 2007, after 113 days.  Thus, the petitioner's petition is untimely. Therefore, it is recommended that this petition be dismissed based on the statute of limitations.

The undersigned concludes there is no evidence that warrants equitable tolling. In the case of Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003), the Fourth Circuit held the following:

> Congress enacted AEDPA to reduce delays in the execution of state and federal criminal sentences, particularly in capital cases ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* --- U.S. ----, 123 S.Ct. 1398, 1401, 155 L.Ed.2d 363 (2003) (internal citations and quotation marks omitted). Nevertheless, we have held that the AEDPA statute of limitations is subject to equitable tolling. *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir.2000).  As we held in *Harris,* however, rarely will circumstances warrant equitable tolling:
>
> > [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.  To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation.  We believe, therefore, that any resort to equity must be reserved for those rare instances where--due to circumstances external to the party's own conduct--it would be unconscionable to enforce the limitation period against the party and gross injustice would result.
>
> Id. Principles of equitable tolling do not extend to garden variety claims of excusable neglect.  *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (equitable tolling did not apply where petitioner's lawyer was

absent from the office when the EEOC notice was received, and petitioner filed within 30 days of the date he personally received notice).  Equitable tolling "is appropriate when, but only when, 'extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit.' " *Spencer v. Sutton,* 239 F.3d 626, 630 (4th Cir.2001) (quoting *Harris,* 209 F.3d at 330). Accordingly, under our existing "extraordinary circumstances" test, Rouse is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time.

The district court held that although the 1-year AEDPA limitations period is subject to equitable tolling, a "mistake of counsel does not serve as a ground for equitable tolling" as a matter of law.  (J.A. at 328.)  The court held that the circumstance that prevented Rouse from filing on time, his former counsel's "slight miscalculation by relying on Fed.R.Civ.P.   6(e)," was not an extraordinary circumstance beyond Rouse's control, and thus, that equitable tolling did not apply.  (J.A. at 327-31.)  The district court also found that Rouse's health during the limitations period did not warrant equitable tolling because he was not in "any way incompetent for a substantial part of the [limitations period]."  (J.A. at 331.)

Id. at 246-247.

Petitioner has not presented (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time. Rouse, supra.  Therefore, it is recommended that the petition be dismissed as it is barred by the statute of limitations.

Alternatively, the petition should be dismissed on the merits as discussed below.

## VII. MERITS

### A. Ground One

As stated above, in Ground One, the petitioner alleges that he was denied a preliminary hearing.  The respondent contends that the petitioner fails to state a claim upon which habeas relief may be granted.  The undersigned agrees.

The claim was raised to and ruled upon by the PCR Court in the context of an ineffective assistance of counsel claim.  At the PCR hearing, trial counsel testified that he had investigated the

14

petitioner's claim that he was due a preliminary hearing.  However, trial counsel stated that he discovered the petitioner had actually refused to be transported for the scheduled hearing. (App. 87-88.)  Further, trial counsel testified that under state law a requested preliminary hearing was not necessary where a defendant like the petitioner is subsequently indicted.   (App. 88-89.) Notwithstanding this, trial counsel made a motion to quash the indictment because the petitioner did not receive a preliminary hearing.  However, the motion was denied.  The PCR Court found  "a defendant has no constitutional right to a preliminary hearing," citing State v. Keenan, 296 S.E.2d 676, 678 (S.C. 1982), and held that trial counsel was deficient and the petitioner was not prejudiced in regards to the preliminary hearing.  (App. 110-111.)

The petitioner argues that he never refused to attend a preliminary hearing.  (Pl.'s Mem. Opp. Summ . J. Mot. at 5.)  Even assuming the petitioner did not waive his preliminary hearing, there is no constitutional right to a preliminary hearing, as long as there is some determination of probable cause prior to an extended restraint of liberty following arrest.  *See* United States v. Kabat, 586 F.2d 325 (4th Cir.1978).   Furthermore, in South Carolina, a preliminary hearing is not held if the defendant is indicted by the grand jury or waives presentment before the preliminary hearing can be held. Rule 2(b), SCRCrimP.  Here, the petitioner was indicted by the grand jury on the charges of armed robbery and attempted armed robbery, which satisfies any federal constitutional concerns as to a determination of probable cause.  (App. 114-115; 119-120.)  Therefore, trial counsel was not deficient and the petitioner has also failed to show any prejudice.  Accordingly, the PCR Court's decision was not contrary, nor an unreasonable application of, clearly established federal law. Further, it was not based upon an unreasonable determination of facts in light of the state court record.  Thus, this claim is without merit and should be dismissed.

15

## B. Ground Two

In Ground Two, the petitioner contends the indictments in his case were deficient.  The respondent contends that the petitioner fails to allege or rely upon any allegation of a violation of federal law.  The undersigned agrees.

While the petitioner raised this issue in his PCR application,  the PCR Court did not rule on it and the petitioner did not file a Rule 59(e) motion seeking a ruling. Therefore, this issue was procedurally defaulted in state court under Coleman.   Further, the petitioner has not alleged any cause and prejudice to excuse the default.   As previously discussed, it is petitioner's burden to raise cause and prejudice or actual innocence and a court need not consider cause and prejudice or actual innocence if not asserted by the petitioner.  Burket v. Angelone, 208 F.3d 172, 183 n. 10 (4th Cir. 2000).

In any event, as noted above, federal habeas relief does not lie for errors of state law.  Estelle, 502 U.S. at  67.   The petitioner's allegation that the indictment procedure was defective raises an issue of state law because it questions the interpretation of state statutes and, therefore, is not cognizable in a federal habeas case.  Wright v. Angelone, 151 F.3d 151, 157 (4th Cir.1998).  The petitioner does not contest the sufficiency of the indictments; rather, he alleges a deficiency in the timing of the indictments. Rule 3(c), S.C.R.Crim.P., provides:

> Action on Warrant. Within ninety (90) days after receipt of an arrest warrant from the Clerk of Court, the solicitor shall take action on the warrant by (1) preparing an indictment for presentation to the grand jury, which indictment shall be filed with Clerk of Court, assigned a criminal case number, and presented to the Grand Jury; (2) formally dismissing the warrant, noting on the face of the warrant the action taken; or (3) making other affirmative disposition in writing and filing such action with the Clerk of Court.

16

It has long been held that Rule 3 is "administrative not jurisdictional." State v. Edwards, 649 S.E.2d

112, 127 (S.C. Ct. App. 2007)(*citing* State v. Culbreath, 316 S.E.2d 681(S.C. 1984).   Accordingly,

this issue should be dismissed.

### C.  Ground Three

In Ground Three, the petitioner states that the prosecutors for his case withheld evidence, a

tape of a 911 call.   The respondent contends that the petitioner failed to raise this issue in his PCR

action, and thus the claim has been procedurally defaulted.   The undersigned agrees.

The petitioner did not raise this issue in state court and thus this claim is procedurally barred.

Coleman, 501 U.S. 722.   Further, the petitioner has not presented or addressed the argument of

cause to overcome the procedural default in his response to respondents' motion for summary

judgment.   As previously discussed, it is petitioner's burden to raise cause and prejudice or actual

innocence.   A court need not consider cause and prejudice or actual innocence if not asserted by the

petitioner.   Burket, 208 F.3d at 183 n. 10.   Accordingly, this claim should be dismissed.

### D.  Ground Four

In Ground Four, the petitioner alleges that he was denied his right to an attorney and to

confront witnesses. The respondent contends this claim is wholly without merit and should be

summarily dismissed.

The petitioner did not raise this issue in state court.   Accordingly, this issue is barred from

habeas review. Coleman v. Thompson, 501 U.S. 722 (1991).   Further, the petitioner has not alleged

any cause and prejudice to overcome the procedural default.   As previously discussed, it is

petitioner's burden to raise cause and prejudice or actual innocence and a court need not consider

cause and prejudice or actual innocence if not asserted by the petitioner.  Burket, 208 F.3d at 183 n. 10.

In any event, the undersigned notes that the record shows that the petitioner was represented by counsel at his guilty plea and he told the plea judge he had no complaints regarding his counsel. (App. 9.)  Further, the petitioner waived his right to confrontation of any witnesses by pleading guilty.  (App. 10-11.)  Accordingly, this claim is without merit and should be dismissed.

## VII.  PETITIONER'S MOTIONS

On December 6, 2007, the petitioner filed a document captioned "Motion for Consideration 3 in Parts Consolidated."  (Document # 19.)  In this motion, the petitioner requests counsel be appointed and that his habeas action be held in abeyance until he has exhausted his state claims. (Document # 19.)    Additionally, on January 14, 2008, the petitioner filed a motion to compel (Document # 28.)   In this motion, as best the undersigned can discern, the petitioner is requesting an order that all documents and the entire record be filed and thoroughly investigated in deciding this case and a determination made as to whether there has been a conspiracy.  (Document # 28 at 11-12.) Further, in this motion, he again requests the appointment of an attorney.  (Id. at 11.)

In regard to his motion for a stay, the undersigned notes that the petitioner does not have any state remedies available through which he could exhaust any claims.  In Rose v. Lundy, 455 U.S. (1982), the United States Supreme Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims. Later, the Supreme Court held that a federal district court may, under some circumstances, stay,

18

rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims.  Rhines v. Weber, 544 U.S. 269, 275 (2005).  The procedure recognized by the Court in Rhines allows the district court the option of staying a federal habeas petition and holding in abeyance to allow a petitioner to return to state court to exhaust his previously unexhausted claims.

Since granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims.  However, even if good cause exists, the district court would abuse its discretion if it granted a stay when the unexhausted claims are plainly meritless.  Furthermore, granting a stay and abeyance is only appropriate when it does not appear that the petitioner has engaged in abusive litigation tactics or in intentional delay. Id. at 278.

Here, the petition is not factually or legally on point with Rhines; it is not a "mixed" petition of exhausted and unexhausted claims at all.  Some of the petitioner's claims which were not presented in a direct appeal or on appeal from the denial of PCR are considered "technically" exhausted.  However, since the petitioner has no further way to exhaust his unexhausted claims, he is not required to attempt to do so; his claims are deemed technically exhausted for habeas purposes.  Matthews v. Evatt, 105 F.3d 907 (4th Cir.1997).  As the Court explained in Woodford v. Ngo, 548 U.S. 81 (2006):

> [I]f state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or taking an appeal, those remedies are technically exhausted, but exhaustion in this sense does not automatically entitle the habeas petitioner to litigate his or her claims in federal court. Instead, if the petitioner procedurally defaulted those claims, the prisoner generally is barred from asserting those claims in a federal habeas proceeding.

19

Thus, this petition is not a mixed petition like those in <u>Rose v. Lundy</u> and <u>Rhines</u>. Here, the rules of procedural bar apply to prohibit further review. <u>Matthews v. Evatt</u>, 105 F.3d 907 (4th Cir.1997)(*citing* <u>Coleman v. Thompson</u>, 501 U.S. 722, 735 n. 1 (1991). Therefore, allowing the petitioner to attempt to raise any unexhausted claims now in state court would be futile and thus the petitioner's motion for a stay and abeyance should be denied. <u>McClure v. Ozmint</u>, 2007 WL 1656227 (D.S.C. 2007). Accordingly, the petitioner's motion to stay should be denied.

As for the petitioner's request for the appointment of counsel, the petitioner has no constitutional right to counsel in his federal habeas proceeding. *See* <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right); <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1340 (4th Cir.1995) (no constitutional right to counsel during federal habeas). The court may, in its discretion, however, appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C.A. § 3006A(a)(2).

The interests of justice require the court to appoint counsel when the district court conducts an evidentiary hearing on the petition. <u>Hoggard v. Purkett</u>, 29 F.3d 469 (8th Cir. 1994); Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. The appointment of counsel is discretionary when no evidentiary hearing is necessary. <u>Hoggard</u>, 29 F.3d at 471. In exercising its discretion, the court should consider the legal complexity of the case, the factual complexity of the case, and the petitioner's ability to investigate and present his claims, along with any other relevant factors. *Id*.; *see also* <u>Battle v. Armontrout</u>, 902 F.2d 701, 702 (8th Cir.1990). Where the issues involved can be properly resolved on the basis of the state court record, a district court does not abuse its discretion in denying a request for court-appointed counsel. <u>Hoggard</u>, 29 F.3d at 471. If the District Court Judge adopts the undersigned's recommendation and dismisses

20

this petition, an evidentiary hearing will not be necessary.  Therefore, based on the foregoing, if the District Court Judge adopts this report, the undersigned recommends the petitioner's remaining motions (documents # 19 and 28) be denied.

## IX. CONCLUSION

Based on the foregoing, it is recommended that the respondent's motion for summary judgment (document # 35) be GRANTED; and the petitioner's petition for Writ of Habeas Corpus should be DENIED, and the petition dismissed without an evidentiary hearing.

Further, if the District Court Judge adopts this report and recommendation, the undersigned recommends the petitioner's remaining motions (documents # 19 and 28) be DENIED.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

April 17, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**